# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**FILED**
January 14, 2019
Lyle W. Cayce
Clerk

No. 18-20466

MARANDA LYNN ODONNELL,

Plaintiff−Appellee,

versus

ALEX SALGADO; RONNISHA BOWMAN; ERICA HUGHES;
SHANNON BALDWIN; DAVID M. FLEISCHER; KELLEY ANDREWS;
ANDREW A. WRIGHT; FRANKLIN BYNUM; TORIA J. FINCH;
LEE HARPER WILSON; SEDRICK T. WALKER, II;
CASSANDRA Y. HOLLEMAN; RAUL RODRIGUEZ; TONYA JONES,

Defendants−Appellants.

* * * * *

LOETHA SHANTA MCGRUDER; ROBERT RYAN FORD,

Plaintiffs−Appellees,

versus

HARRIS COUNTY, TEXAS, ET AL.,

Defendants,

ALEX SALGADO; RONNISHA BOWMAN; ERICA HUGHES;
SHANNON BALDWIN; DAVID M. FLEISCHER; KELLEY ANDREWS;
ANDREW A. WRIGHT; FRANKLIN BYNUM; TORIA J. FINCH;
LEE HARPER WILSON; SEDRICK T. WALKER, II;
CASSANDRA Y. HOLLEMAN; RAUL RODRIGUEZ; TONYA JONES,

Appellants.

Appeal from the United States District Court
for the Southern District of Texas

Before SMITH and DUNCAN, Circuit Judges.*

PER CURIAM:

This court granted a stay pending appeal by issuing a published opinion, as binding law of the circuit, on August 14, 2018. *See ODonnell v. Goodhart*, 900 F.3d 220 (5th Cir. 2018). The original appellants were defeated in the November 2018 elections and, by operation of law, were replaced by the current appellants, who, on January 7, 2019, moved for voluntary dismissal of the appeal. The Clerk entered an order, issued as the mandate, stating that "[u]nder FED. R. APP. P. 42(b), the appeal is dismissed as of January 07, 2019, pursuant to appellants' motion." The appellees present an unopposed motion to vacate our August 14 opinion, reasoning that "because after the motions panel granted a stay pending appeal, the individuals who were appellants at the time (i.e., the ones who sought the stay) were voted out of office, and . . . their successors withdrew the appeal."

The motion for vacatur cites *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18 (1994), but omits the passage that is the most significant for purposes of this matter: "Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the

* Judge Graves, who participated in oral argument and dissented from the published opinion issued on August 14, 2018, is now recused and did not participate in the consideration of the motion to vacate the opinion. This motion is decided by a quorum. *See* 28 U.S.C. § 46(d).

property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur." *Id.* at 26 (citation and internal quotation marks omitted). Vacatur is permissible only under "exceptional circumstances." *Id.* at 29.

This panel took great strides to decide the motion for stay correctly, including, after thorough briefing, the unusual step of hearing oral argument, thirty minutes per side. The panel majority published the opinion after making certain it was a correct rendition of the law and the facts, including its holding that the district court, on remand, had violated the mandate rule.

The motion to vacate is seriously flawed in advancing the notion that "[t]hese circumstances, while unusual, are akin to a case that becomes moot while on appeal." The Supreme Court has held flatly to the contrary. In *Karcher v. May*, 484 U.S. 72 (1987), officials who (like the original appellants here) were succeeded in office by virtue of elections sought vacatur of lower-court judgments, claiming mootness and citing a case relied on by the present movants, *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950). The Court readily rebuffed that reasoning:

> We reject this argument because its underlying premise is wrong. This case did not become unreviewable when Karcher and Orechio left office. Rather, under Federal Rule of Appellate Procedure 43(c)(1), [their authority] to pursue the appeal on behalf of the legislature passed to their successors in office. The rules effectuating automatic substitution of public officers were specifically designed to prevent suits involving public officers from becoming moot due to personnel changes. See Advisory Committee Notes on 1961 Amdt. to Fed. Rule Civ. Proc 25(d)(1), 28 U.S.C., pp. 568-569.
>
> This controversy did not become moot due to circumstances unattributable to any of the parties. The controversy ended when the losing party—the New Jersey legislature—declined to pursue its appeal. Accordingly, the *Munsingwear* procedure is inapplicable to this case.

*Karcher*, 484 U.S. at 83. Several years later, the Court, in *U.S. Bancorp*, spoke approvingly of *Karcher*. *See U.S. Bancorp*, 513 U.S. at 25–26.

It is true, as the motion for vacatur states, that "a merits panel is not bound by a motions panel," *Trevino v. Davis*, 861 F.3d 545, 548 n.1 (5th Cir. 2017) (Smith, J.), but that is irrelevant because there is not, and never will be, a merits panel. As a result of the dismissal, the published opinion granting the stay is this court's last statement on the matter and, like all published opinions, binds the district courts in this circuit.

The motion to vacate the opinion granting the stay is DENIED.